1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

David Holmes,

                Plaintiff,

     v.

Internal Affairs NLV,

                Defendant.

Case No. 2:24-cv-01414-GMN-DJA

**Order**

      Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*.  (ECF No. 1).  Plaintiff also submitted a complaint.  (ECF No. 1-1).  Because the Court finds that Plaintiff's application is complete, it grants the application to proceed *in forma pauperis*.  However, because the Court finds that Plaintiff's complaint does not properly assert sufficient facts, it dismisses the complaint with leave to amend.

**I.**    ***In forma pauperis* application.**

      Plaintiff filed the affidavit required by § 1915(a).  (ECF No. 1).  Plaintiff has shown an inability to prepay fees and costs or give security for them.  Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a).  The Court will now review Plaintiff's complaint.

**II.**    **Legal standard for screening.**

      Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332(a), federal

district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III.    Screening the complaint.**

Plaintiff sues Defendant Internal Affairs of the City of North Las Vegas, alleging violations of various Constitutional rights and federal civil rights statutes. (ECF No. 1-1 at 1). Plaintiff alleges that, on January 29, 2020, North Las Vegas Police Department officers attacked him, leaving him with life threatening injuries. (*Id.* at 3-5). He asserts that he complained to Defendant but that Defendant conducted the investigation poorly. (*Id.*). However, Plaintiff's claims against Defendant fail because they do not provide sufficient factual detail and because it appears that they are barred by the statute of limitations.

First, Plaintiff's allegations primarily describe officers' actions in assaulting him. But he does not sue those officers in this lawsuit. Otherwise, his allegations against Defendant are conclusory, only stating that the Defendant conducted the investigation poorly, "showed a great lack of caring," "violated [his] rights," and did not result in discipline for the officers involved. (*Id.*). This is not sufficient to state a claim upon which relief can be granted.

Second, Plaintiff's claims appear to be barred by the statute of limitations. Plaintiff's claims arise under 42 U.S.C. § 1983. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (laying out the elements of a § 1983 claim, including that the plaintiff allege a violation of rights protected by the Constitution or created by federal statute by a person acting under color of state law). Plaintiff also invokes 42 U.S.C. §§ 1985 and 1986.[1] The statute of limitations for claims arising under 42 U.S.C. § 1983 is the state limitations period for personal injury claims,

---

[1] Although Plaintiff also brings his claims under 42 U.S.C. § 1988, that statute does not provide a separate cause of action. Instead, it provides that the Court may award reasonable attorneys' fees to the prevailing party in an action under 42 U.S.C. § 1983. *See Merry v. Sandoval*, No. 3:16-cv-00164-MMD-WGC, 2019 WL 6332159, at *2 (D. Nev. Nov. 8, 2019).

which in Nevada, is two years. *See Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (per curiam) (citing *Wilson v. Garcia*, 471 U.S. 61, 279-80 (1985)); Nev. Rev. Stat. 11.190(4)(e). Claims brought under § 1985 are likewise governed by the statute of limitations for personal injury claims and, as such, the statute of limitations for such claims is two years. *McDougal v. County of Imperial*, 942 F.2d 668, 673-74 (9th Cir. 1991). Unlike 42 U.S.C. §§ 1983 and 1985, the statute of limitations for claims predicated on 42 U.S.C. § 1986 originates within the statute itself. Actions under this statute "must be commenced within one year after the cause of action has accrued." 42 U.S.C. § 1986; *Bledsoe v. City of Stockton Police Dept*, No. 2:20-cv-01654-KJM-KJN PS, 2020 WL 5203438, at *3 (E.D. Cal. Sept. 1, 2020), *report and recommendation adopted*, No. 2:20-cv-01654-KJM-KJN PS, 2020 WL 5847142 (E.D. Cal. Oct. 1, 2020).

Plaintiff does not allege when he complained to Defendant. But if it was relatively soon after the January 29, 2020 attack, then his claims are over four years old and barred by the applicable statutes of limitation. Because Plaintiff does not allege when he complained to Defendant and, if his claims are time barred, whether tolling applies, the Court cannot determine if he states a claim upon which relief can be granted. The Court thus dismisses Plaintiff's complaint without prejudice and with leave to amend.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.** Plaintiff will **not** be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Clark County Detention Center will forward payments from the account of **David Holmes, Inmate No. 1210144**, to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of Court is kindly directed to send a copy of this order to the Finance Division of the Clerk's Office. The Clerk of

1  Court is also kindly directed to send a copy of this order to the attention of **Chief of Inmate**

2  **Services for the Clark County Detention Center** at 330 S. Casino Center Blvd., Las Vegas, NV

3  89101.

4       **IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise

5  unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the

6  Prison Litigation Reform Act.

7       **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's

8  complaint (ECF No. 1-1) on the docket but shall not issue summons.

9       **IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **dismissed without**

10  **prejudice** for failure to state a claim upon which relief can be granted, with leave to amend.

11  Plaintiff will have until **September 26, 2024,** to file an amended complaint if the noted

12  deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed

13  that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended

14  complaint complete.  This is because, generally, an amended complaint supersedes the original

15  complaint.  Local Rule 15-1(a) requires that an amended complaint be complete without reference

16  to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no

17  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

18  complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

19  **Failure to comply with this order will result in the recommended dismissal of this case.**

20

21       DATED: August 27, 2024

22

23  _____

24  DANIEL J. ALBREGTS
   UNITED STATES MAGISTRATE JUDGE

25

26

27

28